986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert S. JACKSON, a/k/a Ali Jackson, a/k/a Ali Jameson,
Defendant-Appellant.
 No. 92-5580.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 13, 1993
Decided: February 17, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-92-75-A)
 Justin M. Miller, Jacobovitz, English & Smith, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Gerald J. Smagala, Assistant United States Attorney, Marcus J. Davis, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 DISMISSED.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a guilty plea, Robert S. Jackson was convicted on one count of conspiracy to manufacture, to distribute, and to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (1988), and one count of using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C.A. §§ 2 & 924(c)(1) (West 1985 & Supp. 1992). The district court sentenced Jackson to 360 months in prison on the narcotics count and to sixty consecutive months on the firearms count. Contending that his sentence was excessive, Jackson appealed. We find that Jackson waived his right to appeal; consequently, we grant the Government's motion to dismiss this appeal.
 
 
 2
 Jackson and five co-defendants were charged in a twenty-five count indictment for various crimes relating to a conspiracy to manufacture and distribute crack cocaine. All of Jackson's co-defendants pled guilty and agreed to testify against him. Several attempts were made to reach a plea agreement with Jackson, but each time Jackson rejected the offered settlement. After the trial began and three witnesses testified against him, Jackson decided to enter a plea agreement.
 
 
 3
 Under the terms of the plea agreement, Jackson pled guilty to two counts of the indictment: (1) unlawfully, knowingly, and intentionally conspiring to manufacture and distribute cocaine base and (2) knowingly and unlawfully carrying and using firearms in relation to a drug trafficking offense. He also "knowingly waive[d] the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever." The district court conducted a Rule 11 inquiry to determine whether Jackson's guilty plea was knowing and voluntary and whether the plea had a factual basis. As part of the inquiry, the following exchange occurred:
 
 
 4
 Judge Ellis: And do you understand also that under the guidelines you would have the right to appeal your sentence, but in your plea agreement, you have waived that right of appeal?
 
 
 5
 Jackson: Yes.
 
 
 6
 At the end of the Rule 11 colloquy, the judge accepted Jackson's guilty plea and sentenced him to a total of 420 months in prison. Jackson appealed.
 
 
 7
 Finding no meritorious grounds for appeal, Jackson's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The brief states that Jackson believes that his sentence is too severe, but notes that Jackson had waived his right to appeal. The Government filed a motion to dismiss the appeal based on Jackson's waiver of his right to appeal. This Court notified Jackson of his right to submit a brief, but he did not file one.
 
 
 8
 The Government contends that Jackson's appeal should be dismissed because he stated in the plea agreement that he knowingly waived the right to appeal his sentence. It is well established that the Constitution does not guarantee the right to an appeal. Abney v. United States, 431 U.S. 651, 656 (1977). This Court consistently has held that a defendant may waive his statutory right to appeal his sentence if the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether waiver of an appeal was made knowingly and voluntarily is subject to de novo review in this Court. Marin, 961 F.2d at 496.
 
 
 9
 A waiver will not be deemed "knowingly and voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." Id. (citing United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991)). In this case, the district court twice told Jackson that the Sentencing Guidelines provide a right to appeal, but that under the plea agreement, Jackson waived the right to appeal on any ground. Jackson responded that he understood the terms of his agreement. He also stated that he understood that even if his sentence was more severe than he expected, he still would be bound by the plea agreement. Moreover, Jackson testified that no one tried to force him to plead guilty and that he was pleading guilty freely, willingly, and voluntarily because he was in fact guilty. We find, therefore, that Jackson knowingly and voluntarily waived his right to appeal.
 
 
 10
 Jackson's sole challenge to his conviction is that the sentence imposed on him was too severe. Although in some circumstances an improper sentence justifies an appeal even where the defendant waived an appeal, in Marin this Court held that allegations of improper application of the Guidelines do not:
 
 
 11
 [A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race. However, the sentence that Marin seeks to appeal is not such a sentence. Assuming the district court committed the errors that Marin alleges, his complaints at most rest on an improper application of the guidelines and a violation of a procedural rule.
 
 
 12
 961 F.2d at 496. We find nothing in the record or briefs to show that the sentence imposed on Jackson violates his constitutional rights or otherwise justifies appellate review despite his appeal waiver.
 
 
 13
 For these reasons, we grant the Government's motion to dismiss Jackson's appeal. In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 In a letter to the district court judge, Jackson requested new counsel on appeal (a request denied by this Court), contending that his trial lawyer scared him into pleading guilty, refused to raise certain issues, and did not properly advise him as to the sentence he could receive. An ineffective assistance of counsel claim should be raised by motion under 28 U.S.C. § 2255 (1988) in district court and not on direct appeal, unless it "conclusively appears" in the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). It does not conclusively appear that Jackson's counsel failed to provide effective representation. The letter contradicts Jackson's statements during the Rule 11 colloquy and the sentencing hearing that he was satisfied with his counsel's services. Therefore, we will not address the issue of ineffective assistance of counsel; Jackson may raise this claim in a § 2255 motion if he chooses