9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Monzell FARABEE, Defendant-Appellant.
 No. 92-5559.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.
 Urs Roland Gsteiger, Wilson & Iseman, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Maurice Monzell Farabee appeals the judgment and sentence imposed by the district court following his plea of guilty to possession with intent to distribute 44.01 grams of crack, and possession with intent to distribute 23.37 grams of cocaine hydrochloride, both in violation of 21 U.S.C. § 841(a)(1) (1988). Counsel for Farabee has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the validity of Farabee's guilty plea and the sentence imposed as potential issues, but representing that, in his view, there are no meritorious issues for appeal. Farabee has filed two supplemental briefs in which he claims ineffective assistance of counsel and argues that the drug trafficking statute underlying his conviction and sentence is unconstitutional. He also asserts that his sentence is erroneous, that the evidence of his possession of cocaine hydrochloride was lacking, that the indictment was invalid, and that his right to confront witnesses and present evidence on his own behalf was violated when the district court adopted information contained in the presentence report. Farabee has requested that this Court order the production of copies of his arrest and search warrants to aid his appeal. Finding no merit to Farabee's claims, we affirm the district court's decision and deny the pending request for additional materials.
 
 
 2
 Farabee's ineffective assistance claims are premature. Absent extraordinary circumstances, this Court does not address claims of ineffective assistance of counsel on direct appeal unless it conclusively appears from the record that the defendant did not receive effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). No such showing is apparent on the record before us.
 
 
 3
 Farabee's challenge to the constitutionality of the statute of conviction is without merit. Farabee argues in his first supplemental brief that Congress and the courts may not prosecute him under § 841(a)(1) and the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, because of a resolution adopted at the Philadelphia Convention and because Fed. R. Civ. P. 2 is unconstitutional. We construe Farabee's statements as an argument that the federal government could not constitutionally prosecute him for these felonies under the commerce power. However, this position is without support. Several circuit courts have held that § 841(a) does not violate the Commerce Clause. United States v. King, 485 F.2d 353, 356 (10th Cir. 1973), disapproved on other grounds, Bowen v. United States, 422 U.S. 916 (1975); United States v. Scales, 464 F.2d 371, 375 (6th Cir. 1972); United States v. Lopez, 459 F.2d 949, 953 (5th Cir.), cert. denied, 409 U.S. 878 (1972). More recently, the Ninth Circuit held that Congress did not exceed its powers under the Commerce Clause when it passed 21 U.S.C. § 845a,[1] which prohibits drug trafficking within 1000 feet of a school. United States v. McDougherty, 920 F.2d 569, 572 (9th Cir. 1990), cert. denied, 59 U.S.L.W. 3599 (U.S. 1991).
 
 
 4
 Farabee's remaining claims are likewise without merit. Any claim that the district court should have allowed him to withdraw his guilty plea because he received a harsher sentence than he, the prosecutor, and the court thought likely when he pled guilty is foreclosed by our decisions in United States v. Lambey, 974 F.2d 1389, 1394-96 (4th Cir. 1992) (in banc), and United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir. 1993). The sentence imposed is well within the guidelines range, and the district court's failure to depart downward from the guidelines to further reflect Farabee's cooperation is unreviewable, given the absence of any evidence that the court was unaware of its authority to so depart. United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992). Farabee's challenges to the sufficiency of the evidence and the validity of the indictment were waived when he pled guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hall v. McKenzie, 575 F.2d 481, 484 (4th Cir. 1978). Finally, we perceive no clear error in the district court's partial adoption of the presentence report, after its lengthy discussion of Farabee's objections. United States v. Foutz, 865 F.2d 617, 622 (4th Cir. 1989) (district court's findings on controverted factual matters contained in presentence report reviewable for clear error).
 
 
 5
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no meritorious grounds for appeal. Therefore, we affirm the judgment of the district court.[2]
 
 
 6
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West 1985 & Supp. 1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Now codified at 21 U.S.C.A.s 860 (West Supp. 1993)
 
 
 [2]
 We deny Farabee's pending request for production of copies of his arrest and search warrants. A copy of the arrest warrant and a trial stipulation concerning the search warrant are already a part of the record on appeal