61 F.3d 902
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn WILLIAMS, Defendant-Appellant.
 No. 94-5918.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1995.
Decided: July 12, 1995.
 
 William C. Ingram, Floyd, Allen & Jacobs, L.L.P., Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Timika Shafeek, Special Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Shawn Williams appeals from a judgment convicting him of possession with intent to distribute crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Counsel for Williams filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), finding no non-frivolous grounds for appeal but raising several issues for consideration. Williams filed a supplemental brief corresponding to the issues noted by counsel and contending that the appeal did present meritorious issues. We affirm.
 
 
 2
 The material facts are not in issue. Williams was arrested during a drug interdiction at a North Carolina airport after a police officer saw what turned out to be crack cocaine falling from Williams's person. Williams pled guilty to the charged offense and raised no objections during sentencing.
 
 
 3
 The transcript of the district court's Fed.R.Civ.P. 11 hearing reveals that the court fully followed the dictates of that rule, and Williams was fully competent to enter a guilty plea. The district court fully advised Williams of his constitutional rights and the possible sentence range during the plea colloquy. Counsel properly conceded that appeal of the plea hearing would be frivolous.
 
 
 4
 Counsel also properly noted that the possible sentencing issues would be without merit. Williams did not object during sentencing. Thus, he waived any possible error in the computation of his sentence. United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993). No plain error exists on the record that would enable review of the sentencing. Id. And because the sentence was within the properly calculated range, no appeal of the sentence in general is possible. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994) (citation omitted). The newly enacted provision of 18 U.S.C.A. Sec. 3553(f) (West 1981 & Supp.1994) is not applicable to Williams because he had three criminal history points. 18 U.S.C. Sec. 3553(f)(1). The Government's decision not to move for a substantial assistance departure, United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1993), is not reviewable here. The plea agreement contains no promise so to move, and Williams makes no allegation that the Government was unconstitutionally motivated not to move for departure. Wade v. United States, 504 U.S. 181 (1992).
 
 
 5
 Finally, Williams's claims of ineffective assistance are not properly raised on direct appeal because the record does not conclusively reveal attorney error. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). Therefore, Williams may only bring those allegations in a 28 U.S.C. Sec. 2255 (1988) motion.
 
 
 6
 We have reviewed the entire record and find no grounds for appeal. Therefore, we affirm the conviction. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED