64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelo WALTON, Defendant-Appellant.
 No. 94-5443.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1995.
Decided Aug. 14, 1995.
 
 ARGUED: Barbara Rubin Hudson, Danville, VA, for Appellant. Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Roanoke, VA, for Appellee.
 Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Angelo Walton was convicted at a bench trial on one count of conspiracy with intent to distribute crack and three counts of distribution of crack; he was sentenced to 262 months imprisonment. He now appeals his conviction and sentence. Finding no error, we affirm.
 
 I.
 
 2
 At the two-day bench trial, the government's three main witnesses were Lester Roark, a county police officer, and David "Tall" Canada and Mary Hall, both confidential informants working with Roark. Their combined testimony was as follows. On November 7, 1992, while working as an informant, Canada met Walton at a trailer park in the Sinai neighborhood of South Boston, Virginia. Canada arranged to buy crack from Walton later that evening. Canada thereafter called Roark and asked for transportation back to the trailer park that evening. Roark asked Hall to accompany Canada to the trailer park. Roark gave Canada and Hall each $100 and a tape recorder. Canada and Hall went to the trailer park, where they each bought crack from Walton. Canada made a second controlled buy from Walton on November 21, 1992.
 
 
 3
 Canada testified that he became a government informant after being jailed on state charges of distribution of cocaine. He also testified that prior to his arrest he had sold drugs for Walton. Roark, however, testified that the state charges against Canada had nothing to do with the present charges against Walton.
 
 
 4
 The government also introduced testimony from Amanda Barksdale, Teresa Bailey, and Thomas Leigh. Each testified that he or she bought crack from Walton. Barksdale and Bailey also testified that they bought crack from "Corey," "Mack, "Mike," and "Tank," who were Walton's associates. Barksdale testified that she helped Walton "cook" cocaine into crack and that she bought crack from David Canada.
 
 
 5
 Walton introduced testimony from William Akers (his father), Margo Walton (his mother), and Tiajuana Sizemore (his sister). They testified that on the night of November 7, Walton was in Washington, D.C., buying a car, and that on November 21, 1992, Walton was at a birthday party for Brenda Blakely. They also testified that while they were waiting in the hall outside the courtroom during trial, one of the government witnesses said that she didn't know Angelo Walton and asked for help from other witnesses on how to identify him in the courtroom. Finally, the court admitted a letter from Brenda Blakely, who was unable to appear in court, verifying that she had a birthday party on November 21, 1992.
 
 
 6
 Walton was convicted of all counts. At sentencing, the court determined that testimony at trial established that Walton had distributed at least 141 grams of crack, and he was sentenced to 262 months imprisonment. Walton now appeals.
 
 II.
 A.
 
 7
 Walton's initial argument is that the evidence was insufficient to convict him on the drug conspiracy charge. We must uphold Walton's conviction if, viewing the evidence in the light most favorable to the government, any rational factfinder could find him guilty of conspiracy beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 8
 First, Walton claims that the government's witnesses were unreliable. He points out that Canada and Hall were paid informants and that Barksdale, Bailey, and Leigh were convicted felons. He notes that his own witnesses testified that they overheard a government witness admit she had never met Walton and ask for help identifying him in court. Finally, he claims that Canada and Roark gave contradictory testimony about whether Canada dealt cocaine for Walton prior to his arrest on state charges. However, all of these factors go merely to the credibility of the government's witnesses, which is an issue solely for the trier of fact. Glasser v. United States, 315 U.S. 60, 80 (1942). The district court could have chosen to believe the government's witnesses regardless of their shortcomings.*
 
 
 9
 Second, Walton claims that the evidence was insufficient because it showed at most that he sold drugs to Canada while Canada was a government agent. Walton certainly may not be convicted for conspiring with a government agent. United States v. Chase, 372 F.2d 453 (4th Cir.1967). However, Canada testified that he sold drugs for Walton before he became an informant. Also, Barksdale testified that she helped Walton "cook" cocaine into crack, and she and Bailey testified that "Corey," "Mack," "Mike," and "Tank" were Walton's associates. This evidence is sufficient to allow a reasonable factfinder to conclude that Walton conspired with persons other than a government agent.
 
 B.
 
 10
 Next, Walton argues that he was denied effective assistance of counsel because his trial counsel failed to subpoena Brenda Blakely, the woman whose birthday party Walton allegedly attended on the night of November 21, 1992. Rather than appearing in person, Blakely submitted a letter, which was admitted into evidence, confirming that she had a birthday party on November 21.
 
 
 11
 An ineffective assistance of counsel claim ordinarily must be raised in a collateral proceeding under 28 U.S.C. Sec. 2255. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991). We will address it on direct review only if the ineffectiveness of the defendant's representation is conclusively demonstrated in the trial record itself. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). The record in this case does not conclusively demonstrate ineffectiveness. Walton's counsel had no apparent reason to believe that Blakely would fail to appear, and in fact the substance of Blakely's testimony was admitted into evidence in the form of her letter. We therefore decline to consider Walton's ineffective assistance claim on direct review.
 
 C.
 
 12
 Finally, Walton claims that the district court erred at sentencing in finding that he was responsible for 141 grams of crack. Together, Canada, Leigh, Barksdale, and Bailey testified at trial that the conspiracy involved 141 grams of crack. The district court properly considered this testimony at sentencing, and therefore the court's finding of quantity was not clearly erroneous. Walton's argument is simply another claim that the district court erred in believing the government's witnesses, and again we decline to review the district court's credibility determinations. Glasser, 315 U.S. at 80.
 
 III.
 
 13
 For the foregoing reasons, we affirm Walton's conviction and sentence.
 
 
 14
 AFFIRMED.
 
 
 
 *
 In a related argument, Walton claims that the district court violated his due process and equal protection rights by applying a "dual standard" in assessing the credibility of witnesses. That is, he claims the district court violated due process by believing the government's witnesses over his witnesses. This is simply another attack on the district court's credibility determination, an attack which therefore must fail. Glasser, 315 U.S. at 80