67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimberly D. JOHNSON, Defendant-Appellant.
 No. 94-5886.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1995.
Decided Sept. 22, 1995.
 
 John A. Gaines, Sr., Florence, South Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.
 Before HALL, MURNAGHAN and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kimberly Johnson was convicted by a jury on one count of conspiracy to possess with intent to distribute crack cocaine. She now appeals her conviction and sentence. Finding no error, we affirm.
 
 I.
 
 2
 The Government presented eight witnesses who were Johnson's co-conspirators and who testified in detail about Johnson's involvement in crack distribution. The Government's witnesses testified that Johnson was a drug courier on numerous occasions and was also involved in collecting and wiring money as part of the conspiracy. The evidence showed that Johnson used drug money to pay for one of her co-conspirator's lawyers. Although Johnson testified that she was not involved in the conspiracy, the jury returned a verdict of guilty.
 
 
 3
 On appeal Johnson claims that the Government committed prosecutorial misconduct by influencing Johnson's co-conspirators to testify against her by promising leniency if they testified and Johnson was convicted. Johnson also claims that her trial attorney was ineffective for failing to interview and call Crystal Lowery as a witness. Johnson alleges that Lowery would have testified that the money Johnson used to pay her co-conspirator's lawyer was not drug money.
 
 II.
 
 4
 The test for prosecutorial misconduct has two elements: (1) whether the prosecutor's conduct was improper, and (2) whether such conduct prejudicially affected the defendant's substantial rights, depriving her of a fair trial. United States v. Francisco, 35 F.3d 116, 120 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3563 (U.S.1994). Granting a witness lenient treatment in exchange for his testimony against a defendant is not improper. United States v. Mitchell, 886 F.2d 667, 670 (4th Cir.1989). The Government is required to make the defendant aware of the promise and the court must give the defen dant an opportunity to present evidence of the promise. Id. Johnson was provided with this information and was accorded this opportunity. Therefore, since the prosecution did not act improperly, Johnson failed to demonstrate prosecutorial misconduct. Francisco, 35 F.3d at 120.
 
 III.
 
 5
 Ineffective assistance of counsel claims should be raised by a motion under 28 U.S.C. Sec. 2255 (1988) in district court and not on direct appeal, unless it "conclusively appears" in the record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); see also United States v. DeFusco, 949 F.2d 114 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992). The record in this case does not conclusively demonstrate ineffectiveness. Johnson concedes in her appellate brief that her trial counsel "did a competent job of cross-examination." Her claim that her counsel was ineffective for failing to call Lowery is not cognizable on direct appeal because it does not conclusively appear on the face of the record that counsel's error, if any, affected the outcome of the trial. We therefore decline to consider Johnson's ineffective assistance claim.
 
 
 6
 Finally, we grant Johnson's motion to supplement the joint appendix, and we have considered the information contained therein. None of that information establishes error in Johnson's conviction or sentence.
 
 IV.
 
 7
 For the foregoing reasons, we affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.