68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Carl BROFFORD, Defendant-Appellant.
 No. 94-5520.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1995.
Decided: October 18, 1995.
 
 George A. Mills, III, Huntington, WV, for Appellant. Rebecca A. Betts, United States Attorney, Sharon M. Frazier, Assistant United States Attorney, Huntington, WV, for Appellee.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas Brofford appeals his conviction and sentence for conspiracy to possess with intent to distribute schedule II, III, and IV pharmaceutical drugs in violation of 21 U.S.C. Sec. 846 (1988). Brofford contends that his guilty plea was involuntary, that sentencing enhancements for possessing a firearm and being a leader or organizer of the conspiracy were improperly imposed, and that his counsel was ineffective. Finding no reversible error, we affirm.
 
 
 2
 Brofford's contention that his guilty plea was involuntary and unknowing is simply incredible. Brofford provides absolutely no evidence that he was under the influence of medication at the time of his plea, and his own sworn statement at the plea hearing denying being on medication constitutes "strong evidence of the voluntariness of his plea." United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992). Upon being asked by the district court if he was currently using medication or alcohol, Brofford responded, "No, Sir." Given the thorough nature of the plea hearing, including the representations of Brofford and counsel, the district court could find that Brofford was competent to make a knowing and voluntary guilty plea. FED. R. CRIM. P. 11; Dusky v. United States, 362 U.S. 402 (1960).
 
 
 3
 Further, the district court did not abuse its discretion in refusing to allow Brofford to withdraw his guilty plea. Withdrawal of a guilty plea is not a matter of right. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). Because Brofford provides no credible evidence or claim of innocence to support his claim of an involuntary guilty plea, Brofford does not meet his burden of showing a "fair and just" reason for withdrawal of his plea, even if the government would not be prejudiced by the action. FED. R. CRIM. P. 32(d); Moore, 931 F.2d at 248 (4th Cir.).
 
 
 4
 Next, Brofford's claim that he did not deserve a two-point enhancement on his base offense level pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(b)(1) (Nov.1993) for possessing a firearm during commission of a crime, and a four point enhancement under U.S.S.G. Sec. 3B1.1(a) for being a leader or organizer of the conspiracy, has no merit. Sentencing enhancements are factual determinations and are reviewed under a clearly erroneous standard. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 498 U.S. 968 (1990). In the plea agreement, Brofford agreed that the enhancements were appropriate and would be applied. Further, at sentencing, testimony clearly established that the court's imposition of the enhancements was warranted.
 
 
 5
 Finally, we decline to address on direct appeal Brofford's claim that counsel was ineffective. Ineffective assistance of counsel claims should be raised by motion under 28 U.S.C. Sec. 2255 (1988) in the district court and not on direct appeal, unless it "conclusively appears" on the face of the record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). The record does not conclusively show that counsel's actions were ineffective.
 
 
 6
 We therefore affirm Brofford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED