**UNITED STATES of America,
Appellee,**

v.

**Ronald Richard FISHER, Appellant.**

**No. 72–1284.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1973.

Decided April 20, 1973.

Richard E. Crouch, Arlington, Va., for appellant.

Justin W. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., E.D. Va., on brief), for appellee.

Before BUTZNER and FIELD, Circuit Judges, and MURRAY, District Judge.

BUTZNER, Circuit Judge:

Ronald Richard Fisher appeals from a judgment of conviction, entered upon jury verdicts, for failing to report for induction into the armed forces and failing to keep his local selective service board advised of his address. We vacate the judgment and remand the case for a new trial because Fisher was not afforded his sixth amendment right to effective representation of counsel.

Fisher was arraigned on December 17, 1971, and the district court set January 23, 1972 as his trial date. At the arraignment, Mr. Alfred D. Swersky represented Fisher, and Fisher paid him $250 for his services. Fisher could not afford Swersky's trial fee, so he terminated their relationship following the arraignment. Swersky never advised Fisher that an attorney could withdraw as counsel for a criminal defendant only with permission of the court, and he did not request the court to relieve him of his responsibilities in the case until the morning of trial.

Fisher next retained Mr. Joseph L. Duvall to represent him. Duvall accepted the employment even though he had another trial scheduled for the same day. He assured Fisher that if a trial proved necessary, he could have the trial continued. On January 9, 1972, Fisher paid Duvall $1,000 and returned to Ohio expecting Duvall would obtain a continuance. Duvall never entered a formal appearance as Fisher's counsel, but he met with an Assistant United States District Attorney to try to arrange a dismissal of the charges in exchange for Fisher's voluntary enlistment in the armed forces. The assistant district attorney, noting that Fisher could not enlist because of a pending Ohio felony charge, refused to consent to dismissal.[1]

Duvall sought a continuance from the district court, but it was denied. The day before trial he called Fisher in Ohio and told him to return to Virginia the next morning. That same afternoon the clerk of the district court called Swersky to remind him that he was still counsel of record in the case and that he would

---

1. The Ohio charge was subsequently reduced to a misdemeanor to which Fisher pleaded guilty.

have to appear with Fisher. Swersky obtained the file from Duvall that evening and spoke with Duvall about the case.

When the case was called for trial, Swersky brought these facts to the attention of the district judge and moved for a continuance. The government did not oppose the motion. The judge, however, censured Swersky for his lack of preparation and ordered him to consult with Fisher for thirty minutes to prepare for trial. Approximately one hour later, the trial began with Swersky as Fisher's attorney. The jury found Fisher guilty on both counts.

■ The sixth amendment guarantees the right to counsel in federal felony prosecutions. Johnson v. Zerbst, 304 U.S. 458, 462, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Implied in the right to counsel is the right to effective representation, whether counsel is appointed or retained. Powell v. Alabama, 287 U. S. 45, 57, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Stokes v. Peyton, 437 F.2d 131, 136 (4th Cir. 1970). Normally, a claim of ineffective counsel should be raised by a motion under 28 U.S.C. § 2255 (1970). United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970). *Mandello*, however, recognized that there may be cases "where it conclusively appears in the trial record itself that the defendant was not provided . . . effective representation." 426 F.2d at 1023. This is one of those cases.[2] The lack of preparation by defense counsel was explained to the district court before the trial began, and the district judge questioned Fisher, Swersky, and Duvall. The court reporter transcribed this informal hearing before the district court, and the transcript is available for our consideration. In these circum- stances, nothing would be gained by postponing consideration of Fisher's sixth amendment claim.

Swersky's statements to the district court prior to trial demonstrate that he was not prepared to defend Fisher. Both Fisher and Swersky thought that Swersky's services had been terminated almost a month earlier. Thus, Fisher's claim is based on an established insufficiency of preparation, not on his counsel's subjective assertion that he was not prepared for trial. *See e. g.* Sykes v. Commonwealth, 364 F.2d 314, 315 (4th Cir. 1966). He contends that the Court's order to proceed to trial after a one hour conference with his attorney denied him the mature and reflective judgment of counsel that is an essential element of effective representation. *See* Garland v. Cox, 472 F.2d 875, 879 (4th Cir. 1972).

The government offers two arguments to rebut the claim that Fisher received ineffective assistance of counsel. First, it asserts that this case was a simple selective service violation that required no more than an hour of preparation. Second, it contends that Swersky's experience in selective service litigation made the one hour preparation time reasonable. Neither argument is persuasive.[3]

■■ The many complex issues that frequently arise in selective service litigation contradict the government's implicit assumption that these cases involve only easy points of law that can be handled with a minimum of preparation. Failure to report for induction and failure of a registrant to keep his board advised of his current address are both serious offenses, each carrying a maximum sentence of five years imprisonment. A defendant who is subjected to

2. For this appeal, Fisher retained a third attorney, who was not involved in any of the proceedings in the district court and is not associated with either Swersky or Duvall.

3. Our conclusion is the same whether we apply this circuit's presumption of inef-

fective representation following late appointments, Garland v. Cox, 472 F.2d 875, 879 (4th Cir. 1972), or use a "totality of the circumstances" approach. *See* Rastrom v. Robbins, 440 F.2d 1251 (1st Cir. 1971); Moore v. United States, 432 F.2d 730 (3d Cir. 1970).

the possibility of incarceration is entitled to have the avenues of defense explored by his counsel during the preparation of the case. *See* ABA Standards Relating to the Defense Function § 4.1 (Approved Draft 1971). The issues raised on appeal in this court belie the government's claim that this was an uncomplicated case in which the sketchy preparation disclosed by this record was sufficient. The government itself raised a significant evidentiary problem by introducing testimony showing that Fisher had tried to flee when Ohio officials arrested him on an unrelated assault charge.[4] And paradoxically, while the government insists Fisher was afforded adequate representation, it urges us to disregard a number of assignments of error on the ground that Swersky did not note proper objections.

Even if the government were correct in its contention that the case was primarily a dispute over Fisher's credibility, his defense still could have benefited from adequate preparation. Fisher, claiming that he did not intend to violate the law, testified that he was willing to fulfill his military obligation. He also testified that he could not enlist at the time of trial because he had been charged with a felony in Ohio. He said that he hoped that the Ohio charge would soon be reduced to a misdemeanor, which would make him eligible for enlistment.[5] Obviously, witnesses in Ohio, where Fisher then resided, could have provided much relevant evidence to corroborate his story. Business associates or others who knew him could have offered character testimony that may have strengthened his assertion that he had acted in good faith and had simply been negligent in communicating

with his Board. His Ohio attorney, or Ohio prosecuting authorities, could have confirmed any plan to reduce the Ohio charge to a misdemeanor, and the subsequent reduction of that charge indicates that obtaining this evidence was not beyond the realm of possibility.

Neither Swersky's general competence nor his experience in selective service litigation eliminated the prejudice Fisher suffered as a result of the lack of preparation. Swersky's defense of Fisher during the trial, though aggressive, did not nullify the inevitable prejudice resulting from the lack of advance preparation. Moreover, Swersky's conduct at arraignment negates any inference that he could prepare the case in an hour. At the arraignment he requested a longer period than one month to prepare because of the complicated nature of some possible defenses available to Fisher.

The government also urges that Fisher waived any motion for continuance when he told the district judge that he did not know of any witnesses who could help him and that he was willing to go ahead with the trial. Considered in the light of the trial court's prior admonition that no continuance would be granted unless a specific need were shown and the court's intimation that counsel might be assessed the costs of delay, this colloquy did not amount to the "intentional relinquishment . . . of a known right," that is required for waiver of the right to counsel. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The inability of Fisher or his counsel to justify a continuance following the brief consultation ordered by the trial court

---

4. The district court properly cautioned the jury that the only part of this evidence that was relevant to the selective service charges against Fisher was the address Fisher gave to the arresting officer. Nevertheless, the assistant district attorney, on cross examination and in final argument, attempted to bring the full incident to the jury's attention. This error should not recur when Fisher is tried again.

5. Fisher had obtained dismissal of another felony charge that was pending at the time he was ordered to report for induction.

304

did not cure the basic error in the trial: the failure of trial counsel to devote adequate time for preparation. Indeed, the lack of preparation impaired trial counsel's effectiveness in explaining the need for a continuance. For example, he made no effort to confer by telephone with Fisher's Ohio counsel to learn whether Ohio officials would promptly reduce the felony charge to a misdemeanor. Nor did he suggest the need to examine the board's records to ascertain the order of call. A reasonably prudent attorney would have investigated this defense because Fisher had been declared a delinquent before he was ordered to report for induction. *Cf.* Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). We conclude, therefore, that the representation Fisher received was not "within the range of competence demanded of attorneys in criminal cases," McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and his conviction must be vacated.

We recognize the need—recently emphasized by Federal Rule of Criminal Procedure 50(b)—for district courts to maintain control over their dockets to expedite the trial of criminal cases, and in no way do we approve the failure of Fisher's lawyers to prepare for trial. We also reaffirm that judges are empowered to insist that counsel be prepared so that trials may be held as scheduled and that trial courts do not lack authority to censure attorneys for dilatory tactics. *See* ABA Standards Relating to the Function of the Trial Judge §§ 1.4, 3.8, and 7.1 et seq. (Approved Draft 1972). But conviction without effective legal representation is a misplaced sanction for the shortcomings of a defendant's attorneys.

We find no reversible error in Fisher's other grounds of appeal. The judgment is vacated, and the case is remanded for a new trial.