974 F.2d 1333
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Joey Randolph ROACH, Defendant-Appellant.
 No. 91-5617.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1992
Decided: August 31, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. Solomon Blatt, Jr., Senior District Judge. (CR-90-489-8)
 Lester L. Bates, Jr., Columbia, South Carolina, for Appellant.
 William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 Affirmed.
 Before SPROUSE, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Joey Randolph Roach pled guilty, pursuant to a plea agreement, to knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1) & 924(a)(2) (West 1981 & Supp. 1992). Roach was sentenced to imprisonment of twenty months. That sentence was to be served consecutively to any term of imprisonment he currently was serving. At the time, Roach was serving a three-year sentence for burglary imposed on October 24, 1989.
 
 
 2
 Roach appeals his conviction. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious issues for appeal. Although advised of his right to file a supplemental brief, Roach has not filed a brief.
 
 
 3
 The first argument raised on appeal is that the district court lacked authority to order that Roach's sentence run consecutively to the state sentence he was serving at the time. Roach relies on 18 U.S.C. § 3584(a) (1988), which provides:
 
 
 4
 [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.
 
 
 5
 Roach contends that the exception applies in his case because the rifle stolen in the burglary was the same rifle he was later charged with possessing.
 
 
 6
 Roach's position clearly is without merit. Burglary does not constitute attempted felony possession of a firearm. Further, the presentence report states that the rifle Roach was charged with possessing was stolen in a burglary on August 20, 1989. The federal sentence for possession of the firearm runs consecutively to a state sentence for a separate, unrelated burglary that occurred on June 30, 1989.
 
 
 7
 Roach also contends that he was entitled to have applied to his federal sentence time served while incarcerated on state charges. He argues that, once a federal detainer was lodged with state officials, 18 U.S.C. § 3568 (1988) (repealed effective November 1, 1987), requires such credit.
 
 
 8
 We decline to consider this contention. Authority for calculating sentence credit rests with the Attorney General, not with the sentencing court or with the court of appeals. See United States v. Wilson, 60 U.S.L.W. 4244, 4247 (U.S. 1992). Judicial review is available only after exhaustion of administrative remedies. Id. This rule applies both under former § 3568 and under its successor, 18 U.S.C. § 3585(b) (1988), which is the provision applicable to Roach.
 
 
 9
 Roach's third contention on appeal is that he was so impaired by drug use that he lacked the mental capacity to enter a guilty plea. The record belies this argument. We note especially that Roach denied in court that he was taking any medication that might have interfered with his thought processes and that the court specifically determined that Roach's plea was knowingly and voluntarily made.
 
 
 10
 Roach's contention that he was denied the effective assistance of counsel is not properly raised on direct appeal because no such ineffectiveness is apparent on the face of the record. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973).
 
 
 11
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the United States Supreme Court for further review. If requested by Roach to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 12
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED