7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph Victor MANGUM, Defendant-Appellant.
In Re: Joseph Victor MANGUM, No. 92-8099 Petitioner.
In Re: Joseph Victor MANGUM, No. 92-8100 Petitioner.
 Nos. 92-5634, 92-8099, 92-8100
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 12, 1993.
Decided: September 14, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-92-22)
 Joseph Victor Mangum, Appellant Pro Se.
 Alan Hechtkopf, Robert Esten Lindsay, Gregory Victor Davis, United States Department of Justice, Washington, D.C.; William Dial Delahoyde, Office of the United States Attorney, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED IN NO. 92-5634 AND PETITION DENIED IN NOS. 92-8099 and 92-8100.
 Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph V. Mangum appeals his conviction of three counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203 (1988 & Supp. II 1990). Mangum also petitions for a writ of mandamus and a writ of prohibition. Finding no merit in his appeal or his two petitions, we affirm the convictions and deny both petitions.*
 
 
 2
 Mangum was charged by criminal information with three counts of failure to file income tax returns. When he failed to appear according to a summons, he was arrested pursuant to a bench warrant. A hearing followed and Mangum refused to answer the court's questions. The magistrate judge set conditions for release, but Mangum refused to sign the required paperwork. At a detention hearing the next day, the court appointed a federal public defender to represent Mangum if he desired or to act as stand-by counsel if necessary.
 
 
 3
 On June 15, 1992, Mangum was arraigned in court. When Mangum kept insisting that he did not understand the charges, the court explained them, although apparently not to Mangum's satisfaction. When Mangum still insisted he did not understand, the court entered a not guilty plea on his behalf. At trial, the jury found Mangum guilty on all three counts. On September 4, 1992, Mangum filed a "Petition for Writ of Habeas Corpus," which the district court construed as a motion under 28 U.S.C. § 2255 (1988). Four days later, Mangum was sentenced to twelve months imprisonment for each of counts one and two, to run concurrently; six months imprisonment for count three, to run consecutively; sixty months of probation; $32,613 restitution; a $5000 fine; and a $75 special assessment.
 
 
 4
 Mangum contends that his arraignment was improper because the court failed to determine that he was competent to stand trial and that he understood the charges against him and the possible penalties that he faced if convicted. Further, Mangum contends that the court improperly entered a not guilty plea on his behalf when he did not refuse to plea, but was unable to plea because he did not understand the charges against him.
 
 
 5
 The arraignment proceedings were conducted in accordance with Fed. R. Crim. P. 10. There is no requirement, as Mangum suggests, to find the defendant competent and to explain the elements and penalties of the charges when the defendant is pleading not guilty. The judge explained the substance of the charges as required by Fed. R. Crim. P. 10. The court may, pursuant to Fed. R. Crim. P. 11(a), enter a plea of not guilty when a defendant refuses to plead. The charges were explained to Mangum. From the record it appears that his inability to plead was, in substance, a refusal to plead. Further, the court's actions in entering a not guilty plea did not affect Mangum's substantial rights in any way.
 
 
 6
 Mangum also contends that the trial judge erred by refusing to instruct the jury on Mangum's theory of good faith defense. The court instructed the jury on the elements required, including willfulness. Where the instruction on willfulness is adequate, an instruction on the good faith defense is not required. United States v. Pomponio, 429 U.S. 10, 13 (1976). Because the instructions were adequate, there was no error.
 
 
 7
 Mangum also alleges that his rights were violated because his arraignment and trial were held on the same day. Over thirty-days passed between Mangum's first appearance through counsel and the trial, as required by 18 U.S.C. § 3161(c)(2) (1988); therefore, Mangum's rights under the Speedy Trial Act were not violated.
 
 
 8
 Mangum contends that his counsel at trial was ineffective or, in the alternative, that the court forced him to proceed pro se and denied him opportunity to seek counsel of his choice. It is not conclusive from the record that Mangum's stand-by counsel was ineffective. Unless it is conclusive from the trial record whether counsel was ineffective, ineffective assistance of counsel claims are more properly brought on a motion under 28 U.S.C. § 2255. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). Mangum's contention that he was forced to proceed pro se is also without merit. The court not only appointed counsel for Mangum when it was not clear that he was entitled to appointed counsel, but encouraged Mangum to seek the advice of an attorney. Further, two months elapsed from the time of the criminal information to the trial, which would be sufficient time for Mangum to seek counsel.
 
 
 9
 Mangum's final contention is that the court never ruled on his Motion for Clarification of 26 U.S.C. § 7203. While it is true that the court never ruled on the motion, it does not appear to have prejudiced Mangum in any way. The court explained the charges to Mangum and made an attorney available to assist him. Further, Mangum's arguments at trial demonstrate a familiarity with the tax code. Because Mangum has failed to demonstrate any prejudice from the court's failure to rule on the motion, the error is harmless.
 
 
 10
 Mangum petitions for a writ of mandamus to compel the district court to act on his Petition for Writ of Habeas Corpus filed September 4, 1992. There is no evidence of undue delay in the district court; as a result we deny Mangum's petition.
 
 
 11
 Mangum also petitions for a writ of prohibition to set aside or vacate the sentence imposed on him. Because Mangum's contention that a writ should be granted because the district court does not have jurisdiction to convict and sentence him is meritless, and a writ of prohibition is a drastic remedy granted only when the petitioner has an indisputable right to relief, we deny Mangum's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 No. 92-5634-AFFIRMED No. 92-8099-DENIED No. 92-8100-DENIED
 
 
 
 *
 Mangum has waived appointment of counsel on appeal and is proceeding pro se