35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Sloan BEATTY, Defendant-Appellant.
 No. 93-5134.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1994.
Decided September 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-92-38-3-H).
 James M. Cooper, Cooper, David & Cooper, Fayetteville, NC, for Appellant.
 James R. Dedrick, United States Attorney, J. Douglas McCullough, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before HALL, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Billy Sloan Beatty appeals his sentence imposed pursuant to a plea of guilty to conspiracy to import marijuana. We vacate the sentence and remand to the district court for resentencing. On remand, Beatty should be permitted to file objections to the presentence report.
 
 
 2
 Beatty entered his guilty plea on September 8, 1992. Sentencing was set for December 7, 1992. A draft presentence report was prepared on October 16, 1992. Under E.D.N.C. Loc. R. 50.03,[1] Beatty's counsel had fifteen days in which to communicate written objections to the report. On November 12, Beatty's attorney moved for an extension of time to respond to the draft report. The district court granted an extension of time to November 24, 1992, for counsel to respond to the report. The court also granted Beatty's motion to continue sentencing. Sentencing was rescheduled for January 19, 1993.
 
 
 3
 A revised presentence report was dated December 3, 1992. According to the report:
 
 
 4
 The defendant advised he would submit a written version of his involvement in the offense to the probation office, via defense counsel. Such a statement has not been received. Therefore an assessment could not be made regarding the defendant's acceptance of responsibility and a reduction pursuant to [United States Sentencing Commission, Guidelines Manual,] Sec. 3E1.1(a) [ (Nov.1992) ] does not seem warranted at this time.
 
 
 5
 On appeal, the Government concedes that Beatty had made a complete statement to a United States Customs Service agent implicating himself and others in the conspiracy. Further, Beatty had expressed to the agent a willingness to testify against other defendants. The Government states that, while Beatty did not give a written statement to the probation office, his communications with the Customs Service agent seem to warrant a finding of acceptance of responsibility.
 
 
 6
 By the time of sentencing on January 19, 1993, Beatty's attorney still had not filed written objections to the presentence report, nor did he bring any such written objections to the hearing. Counsel attempted orally to raise his objections, including his objection on the issue of Beatty's acceptance of responsibility, at the sentencing hearing.
 
 
 7
 The district court declined to hear the objections. The offense level accordingly was not adjusted to reflect Beatty's acceptance of responsibility. The applicable guideline range was 121-151 months in custody. Beatty received a 121-month sentence, which he now appeals.
 
 
 8
 Both Beatty and the Government contend on appeal that the failure of Beatty's trial counsel to file written objections to the presentence report constitutes ineffective assistance of counsel warranting resentencing. Under the familiar standard of Strickland v. Washington, 466 U.S. 668 (1984), a defendant can prevail on an ineffectiveness claim only if he demonstrates that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Id. at 687-91, 694. We find that counsel's performance in this case meets both prongs of the Strickland test.
 
 
 9
 Addressing first the prejudice issue, there is certainly a reasonable probability that, had counsel filed written objections concerning Beatty's acceptance of responsibility, Beatty would have received a three-level reduction in his offense level. The probation office was not informed prior to sentencing of Beatty's communications with the Customs Service agent. Had the office been so informed, it is highly likely that the report would have reflected that Beatty had made a complete statement concerning his and others' involvement in the crimes and that Beatty was willing to testify against his confederates. Under U.S.S.G. Sec. 3E1.1, Beatty would have been entitled to a three-level decrease in his offense level. This would have resulted in a sentencing range of between eighty-seven and 108 months. Clearly, counsel's failure to file objections significantly prejudiced Beatty.
 
 
 10
 We also conclude that counsel's performance fell below objective standards of reasonableness. Counsel was plainly aware of the requirement that he file written objections to the presentence report. However, even after requesting and receiving an extension of time in which to file such objections, he failed to do so.
 
 
 11
 In light of the Strickland violation,[2] we vacate Beatty's sentence and remand for resentencing. On remand, Beatty should be allowed to file and have considered any written objections to the presentence report. As our review of the record and other materials before the Court reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 VACATED AND REMANDED
 
 
 [1]
 Time for Filing Objections to Presentence Report. Within fifteen (15) days thereafter, counsel shall communicate, in writing, to the probation officer objections to any material information, sentencing classifications, guideline ranges, and policy statements contained in or omitted from the report. A copy shall be served on opposing counsel
 E.D.N.C. Loc. R. 50.03.
 
 
 [2]
 Ordinarily, a claim of ineffective assistance of counsel is addressed not on direct appeal, but in a motion filed pursuant to 28 U.S.C. Sec. 2255 (1988). However, federal courts will address the merits of such a claim on direct appeal when it "conclusively appears" on the face of the record that there was ineffective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). The instant appeal is such an exceptional case