60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randolph BALDWIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cassandra BALDWIN, Defendant-Appellant.
 Nos. 94-5141, 94-5149.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 21, 1995.
Decided: July 6, 1995.
 
 Jane Charnock, CHARNOCK & CHARNOCK, Charleston, WV; Willard A. Sullivan, Charleston, WV, for Appellants. Rebecca A. Betts, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Randolph Baldwin and Cassandra Baldwin appeal their convictions and sentences pursuant to their guilty pleas for aiding and abetting each other in maintaining a place for manufacturing, distributing, or using cocaine base in violation of 21 U.S.C. Sec. 856(a)(1) (1988) and 18 U.S.C. Sec. 2 (1988). The Baldwins' attorneys have jointly filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in their view, no meritorious issues exist for appeal. The Baldwins were notified of their right to file a supplemental brief and raise additional issues, but neither did so.
 
 
 2
 At the outset, we note that since the Baldwins filed their motions to withdraw their guilty pleas after they noted their appeals to this Court, the district court properly concluded that it was without jurisdiction to entertain the motions. In addition, the Baldwins did not note an appeal from the orders denying their motions to withdraw their guilty pleas. Nevertheless, we will address the merits of the denial of their motions to withdraw the guilty pleas.
 
 
 3
 After imposition of sentence, a guilty plea may only be set aside on direct appeal or pursuant to a motion under 28 U.S.C. Sec. 2255 (1988). Fed.R.Crim.P. 32(d); United States v. Davis, 954 F.2d 182, 184 (4th Cir.1992). The defendant must prove that failure to allow withdrawal of the guilty plea would result in a "miscarriage of justice." Id. There is no evidence in the record that denial of the Bal dwins' motions to withdraw their guilty pleas would result in a miscarriage of justice.
 
 
 4
 The Baldwins claim their guilty pleas were involuntary because of ineffective assistance of counsel and because of prosecutorial misconduct. As their counsel recognize, however, the record is devoid of any evidence of either. Unsubstantiated assertions fall far short of the standard needed to show ineffective assistance, Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), or prosecutorial misconduct, United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988). We note, moreover, that claims of ineffective assistance of counsel are better reviewed in collateral proceedings when deficient representation does not conclusively appear from the record. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973).
 
 
 5
 In accordance with the requirements of Anders, we have thoroughly examined the entire record for any potentially meritorious issues; we have found none. We therefore affirm the judgment of the district court and uphold the Baldwins' convictions and sentences.
 
 
 6
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED