70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Forquesher TUCKER, Defendant-Appellant.
 No. 94-5200.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1995.
Decided Nov. 16, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, Chief District Judge. (CR-93-53).
 Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 Before MURNAGHAN, NIEMEYER, and MOTX, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Tucker appeals the district court's sentence of 235 months following his conviction for possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. Sec. 841(a)(1) & (b)(1)(A) (1988), and 18 U.S.C. Sec. 2 (1988). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that in light of Tucker's criminal record the district court imposed an excessive sentence even though the sentence imposed was at the low end of the applicable guideline range. Tucker filed a supplemental brief raising the issues of the quantity of cocaine attributed to him by the district court, and ineffective assistance of counsel. Finding no error after a review of the entire record, we affirm.
 
 
 2
 Tucker contends that there was insufficient evidence to convict him. To sustain a conviction, the evidence when viewed in the light most favorable to the Government must be sufficient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Through the testimony of his co-conspirators, Tucker was associated with drug smuggling operations from at least 1978 until his arrest in 1994. Because the testimony of co-conspirators, standing alone and uncorroborated, can provide a basis for conviction, United States v. Burns, 990 F.2d 1426, 1439 (4th Cir.), cert. denied, --- U.S. ---- (1993), Tucker's claim is without merit.
 
 
 3
 Next, Tucker claims that his rights were violated when statements of a deceased co-conspirator were allowed into evidence. This claim is also without merit. Statements by a co-conspirator during and in furtherance of the conspiracy qualify as an admission by a party-opponent, and therefore are not hearsay. FED. R. EVID. 801(d)(2)(E); United States v. Blevins, 960 F.2d 1252 (4th Cir.1992). Additionally, there was no violation of the Confrontation Clause because the requirements for admission of statements pursuant to FED. R. EVID. 801(d)(2)(E) and the Confrontation Clause are coextensive. Bourjaily v. United States, 483 U.S. 171 (1987).
 
 
 4
 Third, Tucker asserts that the district court erred in admitting evidence under FED. R. EVID. 404(b) that he possessed a false passport. Although possessing a false passport does not show that Tucker was an importer of illegal drugs, a false passport does show the planning and preparation involved in drug trafficking, because it allowed Tucker to more easily avoid detection by travelling under more than one identity. Because the district court's decision to admit the passport under FED. R. EVID. 404(b) was not arbitrary or irrational, Tucker's claim is meritless too. United States v. Rawle, 845 F.2d 1244 (4th Cir.1988).
 
 
 5
 Tucker challenges the finding that he was an organizer, leader, or supervisor in a conspiracy involving five or more persons pursuant to United States Sentencing Commission, Guidelines Manual Sec. 3B1.1(a) (Nov.1993). The finding by the district court that Tucker was an organizer or leader in the conspiracy is a finding of fact reviewable only for clear error. United States v. Hicks, 948 F.2d 877, 881 (4th Cir.1991). At trial, the prosecution demonstrated by a preponderance of the evidence, United States v. Fells, 920 F.2d 1179 (4th Cir.1990), cert. denied, 501 U.S. 1219 (1991), that at least eight individuals, not including end users or Tucker's Bolivian and Colombian sources of supply, were included in the conspiracy. Therefore, the district court's finding that Tucker was eligible for a four-point enhancement pursuant to U.S.S.G. Sec. 3B1.1(a) is not clearly erroneous.
 
 
 6
 We decline to address on direct appeal Tucker's claim that counsel was ineffective. Ineffective assistance of counsel claims should be raised by motion under 28 U.S.C. Sec. 2255 (1988) unless it "conclusively appears" on the face of the record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). The record does not conclusively show that counsel's actions were ineffective and prejudicial.*
 
 
 7
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We also deny Appellant's motion to substitute counsel