73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward R. FOX, a/k/a Skip Fox, Defendant-Appellant.
 No. 94-5917.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided Dec. 26, 1995.
 
 Patrick B. McDermott, MCDERMOTT, ROE & JONES, Hampton, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Edward Fox appeals his conviction and sentence on five counts of distributing cocaine base and one count of attempting to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) & (b) and Sec. 846 (1988). Fox argues that he was unlawfully entrapped into selling drugs, and therefore, the jury's verdict was clearly erroneous. Finding no error, we affirm Fox's conviction and sentence.
 
 
 2
 The Appellant, Edward Fox, does not challenge that he distributed cocaine base on six different occasions to an undercover police agent. Instead, Fox alleged that his source of supply, Keith Saunders, who was cooperating with law enforcement officers in identifying drug dealer, forced him to deal drugs, and therefore was entrapped by the police.
 
 
 3
 There was no evidence to substantiate Fox's claim of unlawful action by the police. All police officers involved in the case testified that Saunders was not directed nor instructed to supply cocaine to Fox. Saunders was used to introduce a police undercover agent to Fox, and was not, to the knowledge of the police, involved in any further drug transactions. Where the government induces a middleman, and the middleman takes it upon himself to induce another person to participate in a crime, the latter person is not entitled to derivative entrapment defense. United States v. Toner, 728 F.2d 115, 127 (2d Cir.1984). Fox cannot claim he was entrapped by the independent and unauthorized actions of Saunders.
 
 
 4
 In any case, the entrapment defense was presented to the jury with proper instructions. The jury's evaluation of the evidence and rejection of the Fox's entrapment defense will only be overturned if clearly erroneous. United States v. Hicks, 948 F.2d 877, 881 (4th Cir.1991). The jury accepted the testimony of the law enforcement officers and rejected Fox's argument that he was entrapped into committing criminal acts by the overreaching and excessive conduct of the police or its agents.[1] The credibility of witnesses is the province of the jury and is not subject to review by this Court. Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975). Reviewing all the evidence in the light most favorable to the government reveals that it is sufficient to sustain Fox's convictions. Glasser v. United States, 315 U.S. 60, 80 (1942). Accordingly, we affirm Fox's convictions, and the sentence imposed by the district court.[2]
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 After this case was submitted to the panel, Fox filed a pro se brief claiming that his case should not have gone to the jury because he was entrapped as a matter of law. Fox's contention is without merit. See Hampton v. United States, 425 U.S. 484 (1976); United States v. Russell, 411 U.S. 423 (1973)
 
 
 [2]
 In Fox's pro se brief, he also alleges that counsel was ineffective; however, his claim is without merit on direct appeal because the record does not conclusively establish his counsel was constitutionally ineffective. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). Additionally, we deny Fox's motion to provide him with a personal copy of his trial transcript