**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 96-4477

VANNIS L. LIVERMAN, a/k/a Vann,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                                            No. 96-4478
ELTRENTROSE F. LIVERMAN, a/k/a
Trent,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-151)

Submitted: June 24, 1997

Decided: July 10, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beth M. Farber, Assistant Federal Public Defender, Gordon Widen-house, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellants. Helen F. Fahey, United States Attorney, Fernando Groene, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a consolidated appeal. Brothers Vannis and Trent Liverman (the Livermans), who pled guilty to conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base,[1] appeal their convictions and sentences claiming that the district court erred by refusing to allow them to withdraw their guilty pleas and by denying their requests for new counsel. After a review of the record, we find that the district court did not abuse its discretion in denying the Livermans' motions to withdraw their guilty pleas and requests for new, appointed counsel. Therefore, we affirm the Livermans' convictions and sentences.

First, the Livermans claim that the district court erred by refusing to grant their motions to withdraw their guilty pleas. Rule 32(e) of the Federal Rules of Criminal Procedure provides that a court may permit withdrawal of a guilty plea if the motion is made before sentencing and if the defendant establishes any "fair and just" reason for withdrawal of the plea.[2] The Livermans have the burden of showing a "fair

_____

[1] 21 U.S.C. § 846 (1994).
[2] See United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667).

2

and just" reason for the withdrawal.**3**  We review a motion to withdraw a plea under an abuse of discretion standard.**4**

In their motion to withdraw their guilty pleas, the Livermans claim that their pleas should be withdrawn because: 1) they were innocent of dealing heroin; 2) they were coerced into pleading guilty by their attorneys; and 3) counsel was ineffective. Additionally, they assert that their pleas were made unknowingly because they lacked sufficient knowledge of how the federal sentencing guidelines affected their sentences. Trent also claims that he did not understand the charges against him. The Livermans' claims are without merit.

The district court did not abuse its discretion in denying the Livermans' motions to withdraw their guilty pleas because the Livermans are in fact guilty of conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base,**5** and they received effective assistance of counsel. At the Rule 11 colloquy, see Fed. R. Crim. P. 11, both Vannis and Trent stated under oath that they were in fact guilty of the crimes charged, that their attorneys had considered all possible defenses, and that they were satisfied with their attorneys' representation. Their statements at the Rule 11 hearing are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.**6** Conclusory non-credible assertions of undue attorney pressure to plead guilty are simply insufficient to establish a "fair and just" reason.

Additionally, the Livermans never make credible assertions of innocence or establish that their pleas were unknowing or involuntary. Although the Livermans claim that they lacked sufficient knowledge of the sentencing guidelines to make a knowing plea, their claim is without merit because the transcript of the plea colloquy shows that the Livermans' pleas were knowing, voluntary, and supported by an independent basis in fact. Once the Livermans indicated a lack of

---------------------------------------------------------------

**3** See FED. R. CRIM. P. 32(e); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

**4** See Moore, 931 F.2d at 248.

**5** 21 U.S.C. § 846.

**6** See Blackledge v. Allison , 431 U.S. 63, 73-74 (1977).

3

knowledge regarding the federal sentencing guidelines, the district court explained the relationship between their criminal conduct and the sentencing guidelines. The court also informed them that an accurate estimate of their sentences was not possible until the presentence report was prepared. The Livermans responded that they understood, and that they did not have any more questions regarding the sentencing guidelines. They also acknowledged that they understood that they could not withdraw their guilty pleas if their sentences were more severe than anticipated. Thus, the pleas were knowingly made, and the appropriately conducted Rule 11 proceeding raises a strong presumption that the pleas are final and binding.[7]

Next, the Livermans claim that the district court should have appointed substitute counsel. The claim is without merit because the Livermans fail to show good cause.[8] The decision whether to appoint substitute counsel rests within the sound discretion of the trial court,[9] and the court inquired into the Livermans' complaints against counsel and found them baseless. The Livermans failed to show that they were prejudiced by counsels' actions,[10] and the Livermans acknowledged at the Rule 11 colloquy that counsels' actions had been satisfactory. Thus, the court did not abuse its discretion in failing to appoint new counsel for the evidentiary hearing on the motions to withdraw the guilty pleas and for sentencing. Moreover, there is no statutory or constitutional right to a "meaningful attorney-client relationship."[11]

Finally, Vannis Liverman asserts on appeal that counsel was ineffective at sentencing for not challenging his guidelines computation. Vannis's claim is without merit. A claim of ineffective assistance of counsel is not generally appropriate on direct appeal. Claims of ineffective assistance should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), unless it conclusively

---

**7** See United States v. Lambey , 974 F.2d 1389, at 1394 (4th Cir. 1992) (in banc).

**8** See United States v. Gallop , 838 F.2d 105, 107-08 (4th Cir. 1988).
**9** See Gallop, 838 F.2d at 108.
**10** See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
**11** Morris v. Slappy, 461 U.S. 1, 13-14 (1983).

4

appears from the record that counsel did not provide effective assistance.[12] The record does not conclusively show that counsel was ineffective; thus, this claim is without merit.

Accordingly, we affirm the Livermans' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**12**  <u>See United States v. Fisher</u>, 477 F.2d 300, 302 (4th Cir. 1973).

5