**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5757

DAVID EARL BEASLEY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5758

JERRY EDWARD FAUST,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-94-122-F)

Submitted: September 9, 1997

Decided: October 15, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan D. Sasser, Jeffrey M. Young, MOORE & VAN ALLEN, P.L.L.C., Raleigh, North Carolina; Sema E. Lederman, Chapel Hill, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jane H. Jolly, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Beasley and Jerry Faust (appellants) appeal their convictions for various acts of conspiring to import, to distribute, and to possess with the intent to distribute marijuana and cocaine. We affirm.

At trial, the Government presented testimony from several witnesses about the Appellants' involvement in a wide-ranging conspiracy to import marijuana and cocaine from Mexico and to transport the drugs from Texas and Arizona to North Carolina, where the drugs were then distributed and sold. The evidence showed that Beasley began in the organization as a transporter and distributor of marijuana and cocaine, that he bought property and equipment in Arizona to facilitate the processing of the drugs once they arrived from Mexico, that he participated in a scheme to threaten a government witness scheduled to testify against other members of the conspiracy in state court, and that Faust participated in the conspiracy as a courier transporting marijuana and cocaine from Arizona to North Carolina.

Each appellant contends that in various ways he received ineffective assistance of counsel. Such claims generally are not cognizable on direct appeal unless they can be determined by reference to the

face of the record, see United States v. Fisher , 477 F.2d 300, 302 (4th Cir. 1973), being more appropriately raised by a motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). The claims here are such that they could not be determined by reference only to the face of the record, but would require further factual development. Accordingly, we decline, without prejudice, to address them on this direct appeal.

Faust asserts that the district court erred by refusing to apply a downward adjustment to his base offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (1994). Under USSG § 3B1.2, the district court may grant a four level reduction to a defendant who is among the "least culpable" in the conspiracy, a two level reduction to a defendant who is a minor participant, but whose role is not minimal, and three level reduction to a defendant who is more responsible than a "least culpable" person, but less responsible than a minor participant. The defendant has the burden of convincing the court that he is entitled to the adjustment. See United States v. Reavis, 48 F.3d 763, 768 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316). Faust failed to establish that his activities in the conspiracy were so minimal as to make him the least culpable member of the conspiracy or that his actions made him a minor participant. See USSG § 3B1.2(a) and (c). Thus, this claim is meritless.

Beasley asserts that the district court erred by admitting testimony that he was involved in a scheme to threaten a government witness; he claims that the evidence was prohibited by Fed. R. Evid. 404(b). Because Beasley did not object to the evidence at trial, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-36 (1993). We conclude that there was no error. Evidence is admissible under Rule 404(b) when it is relevant to an issue other than character, it is necessary to show an essential part of the crime, and is reliable. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). The record shows that the evidence was not used solely to show bad character, but rather consciousness of guilt and criminal intent. See United States v. Hayden, 85 F.3d 153, 159 (4th Cir. 1996). Thus, the evidence was not improperly admitted and this claim lacks merit.

3

Beasley's claim that the district court improperly interfered with his right to cross-examine the Government's witnesses is also meritless. Beasley asserts that the district court severely restricted his cross-examination of witnesses as to bias. A trial court may place restrictions on cross-examination; such actions are reviewed for abuse of discretion. See Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986). The record shows that Beasley cross-examined several witnesses about their plea agreements and what they expected in return. During the cross-examinations the district court gave the jury a general instruction about the rules governing sentencing. The district court did not interfere with questioning; it only clarified the law for the jury. Thus, the district court did not improperly restrict cross-examination.

Finally, Beasley claims that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support a finding of conspiracy to import, distribute, and possess cocaine. Beasley conceded that the evidence was sufficient to support a conviction for a conspiracy involving marijuana. We review a denial of a motion for judgment of acquittal under a sufficiency of the evidence standard. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain a conviction, the evidence viewed in the light most favorable to the government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

Viewed in the light most favorable to the Government, the evidence at trial showed that Beasley was involved in the trafficking of cocaine. At least one co-conspirator testified that he purchased approximately ten to fifteen kilograms of cocaine from Beasley in the late 1980's. Further, other members of the conspiracy actively trafficked in cocaine. Once a conspiracy is shown to exist, only a slight connection need be shown to the defendant, and there is no need to show that the defendant knew the other co-conspirators or details of the conspiracy. See Brooks, 957 F.2d at 1147; see also United States v. Burgos, 94 F.3d 849, 857-58 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). The evidence sufficiently shows that Beasley was a member of the conspiracy, and that the purpose of the conspiracy was distribution of

4

both marijuana and cocaine. Therefore, he may be convicted of conspiring to traffic in cocaine. Thus, the district court properly denied Beasley's motion for acquittal.

Accordingly, we affirm Appellants' convictions and sentences. We deny Appellant Faust's motion for oral argument and dispense with argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5