**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4161

DONALD MIKE REYES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-95-27)

Submitted: May 19, 1998

Decided: June 30, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack W. Stewart, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, H. Thomas Church, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Reyes appeals his conviction for conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1994). We find no error and affirm.

At trial, the Government presented testimony from several witnesses about Reyes' involvement in a conspiracy to obtain methamphetamine in California and Nevada and to transport the drugs to North Carolina for distribution. Teddy Ray Hunt, a member of the conspiracy, testified that he and his associate, Michael Barrett, began distributing methamphetamine to regular customers in 1993. At that time, Barrett had several individuals driving to California to get the drugs he distributed in North Carolina. One of these individuals, Charles Thomas, testified that when he began selling methamphetamine to Barrett, Reyes was his main source in California and that he made several purchases from Reyes in 1993. Further testimony established that other methamphetamine dealers used Reyes as a source as well.

In 1994, Hunt testified that he and Barrett drove to Texas to meet Dale Werkmeister. Werkmeister often sold methamphetamine to Barrett and testified that Reyes was one of his sources. Barrett and Werkmeister drove to Las Vegas where they purchased five pounds of methamphetamine from Reyes. Again in 1994, Hunt accompanied Barrett on a purchasing trip to California where Barrett purchased eight pounds from a different dealer and discussed the possibility of Reyes transporting methamphetamine to North Carolina.

Officer Joseph David of the California Highway Patrol testified that while on routine patrol, he pulled over Reyes' car after noticing that he was speeding and that he and his passenger were not wearing seat belts. When David approached the car, he smelled a strong odor of methamphetamine. He also observed that Reyes was shaky and nervous. When David asked Reyes to step outside the car, he noticed a bulge in the front of Reyes' pants. Upon searching the front of Reyes' pants, David discovered a five dollar bill with a powdery substance that he believed to be methamphetamine. Reyes was arrested

2

and his car searched. The search of the car uncovered four brown lunch bags containing freezer zip-lock bags holding methamphetamine.

On appeal, Reyes asserts that David's testimony was prejudicial and improper under Fed. R. Evid. 403, 404(b). Because Reyes did not object to the evidence at trial, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-36 (1993).

Evidence is admissible under Rule 404(b) when it is relevant to an issue other than character, necessary to show an essential part of the crime, and reliable. See United States v. Rawle , 845 F.2d 1244, 1247 (4th Cir. 1988). The record shows that the evidence was not used solely to show bad character, but rather consciousness of guilt and criminal intent. See United States v. Hayden, 85 F.3d 153, 159 (4th Cir. 1996); see also United States v. Morsley , 64 F.3d 907, 911 (4th Cir. 1995) (acts occurring after the charged conduct are admissible under Rule 404(b) if Rawle criteria satisfied). Thus, we find no plain error.

Reyes next asserts that the trial court erred by allowing Officer David to testify concerning the stop and subsequent search of his car because there was no probable cause to search his car. Because Reyes did not object to this evidence at trial, we review for plain error. See Olano, 507 U.S. at 732-36. There was no error in the ruling. Where a valid basis for stopping a motor vehicle exists--either probable cause or reasonable suspicion--the stop does not become unreasonable and taint further police conduct merely because the officer making it may have suspected other criminal activity and would not have stopped for the traffic violation alone. See Whren v. United States, 116 S. Ct. 1769 (1996). United States v. Hassan-El, 5 F.3d 726 (4th Cir. 1993). Here, the observed traffic violation validated the stop, without regard to the officer's motivation, so that evidence establishing that an objective basis for the stop existed was properly admitted.

The record shows that Officer David stopped Reyes for speeding and failing to wear a safety belt. After stopping the vehicle, David smelled methamphetamine coming from the car and observed that Reyes was acting very nervous. Further, David found a five dollar bill on Reyes containing what he believed to be methamphetamine. Given

3

these circumstances, David had probable cause to search the car and his stop of the vehicle was objectively reasonable. Thus, we find no plain error as to this claim.

Reyes next asserts that the district court abused its discretion by failing to give Reyes' proffered jury instruction as to the effect of the witnesses' drug addiction on their testimony. A district court's denial of a requested jury instruction "'constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.'" United States v. Guay, 108 F.3d 545, 550 (4th Cir. 1997) (quoting United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995)).

While Reyes' requested instruction was a correct statement of the law, it was substantially covered by other instructions the court gave to the jury. Specifically, the district court instructed the jury that it should consider whether the witness has a motive or reason for being truthful or untruthful as well as any biases, prejudice, or special interests the witness may have in the outcome of the case, when weighing the witnesses' testimony. Thus, the district court's decision was not an abuse of discretion.

Finally, Reyes asserts that he received ineffective assistance of counsel. Such claims generally are not cognizable on direct appeal unless they can be assessed on the face of the record, see United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973), and are more appropriately raised by a motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Reyes asserts that counsel created a substantial conflict of interest impairing his ability to render a competent defense. The record shows that prior to trial, Reyes' counsel brought to the court's attention that he had previously represented co-conspirator Hunt and that he had informed Reyes of this representation. Reyes acknowledged disclosure of the information and waived any conflicts. The claims here are such that they could not be determined by reference only to the face of the record, but would require further factual development. Therefore, we find these claims should

4

be raised in a § 2255 proceeding, not on direct appeal, and we decline to address them in this appeal.

Accordingly, we affirm Reyes' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>