**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4432

CHARLIE MCPHERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-323)

Submitted: January 25, 2000

Decided: March 9, 2000

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charlie McPherson pled guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 1999). The district court imposed a 206-month sentence. Following a timely notice of appeal, McPherson's counsel has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967). Counsel states that there are no grounds for appeal because the 206-month sentence was clearly within the applicable guideline range of 188 to 235 months. See USSG Ch. 5, Pt. A (1998). We will not review a sentence that is within the properly calculated guideline range. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Thus, McPherson is entitled to no relief on this ground.

McPherson raises a number of issues in his pro se informal brief, all of which relate to claimed errors in his pre-sentence report. McPherson did not object to any provisions of his pre-sentence report and has therefore waived review in this court unless the contested findings constitute plain error. See Fed. R. Crim. P. 52(b); United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1991). McPherson claims error in the district court's use of McPherson's prior drug and violent felonies for the purposes of sentencing enhancements under USSG §§ 4B1.4, 2K2.1(b)(5), 2K2.1(a)(2). McPherson's objections relate to the failure of the district court to specify which felonies were applied under which sentencing provisions. As McPherson's lengthy criminal history demonstrates, notwithstanding the district court's omission, application of the various enhancements to him was not plain error.

To the extent that McPherson frames the issue in his informal brief as an ineffective assistance of counsel claim for his trial counsel's failure to object to the pre-sentence report, such claims are better pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973).

2

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We deny counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3