UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 96-4385

JAMES D. DAWKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-275)

Submitted: December 30, 1997

Decided: January 21, 1998

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anne R. Littlejohn, Greensboro, North Carolina, for Appellant. Wal-
ter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James D. Dawkins appeals his conviction and sentence for possession of cocaine and cocaine base arising from the consensual search of his van following an otherwise unremarkable traffic stop. See 21 U.S.C. §§ 841(a)(1) & (b)(1)(a) (1994). Dawkins noted a timely appeal pro se and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, counsel presented the court with four putative issues. Despite being granted three extensions of time in which to do so, Dawkins failed to file a supplemental brief. We deny Dawkins' request for a fourth extension of time to file his brief. Because we find each claim raised by counsel to be without merit and can discern no other error in the record below, we affirm Dawkins' conviction and sentence.

Counsel first suggests that this court might review the district court's refusal to grant a downward departure from the Sentencing Guidelines on the grounds that Dawkins' criminal history was over-represented. See U.S. Sentencing Guidelines Manual § 4A1.3 (1995). However, counsel correctly notes that the district court's refusal to depart is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 32 (4th Cir. 1990). Consequently, this court may not disturb the district court's ruling.

Counsel next addresses the possibility that the district court committed plain error by not excluding Dawkins' prior misdemeanor convictions sua sponte. The district court could exclude prior convictions that were shown to be constitutionally invalid. USSG§ 4A1.2, comment. (n.6). A defendant may challenge the validity of a prior conviction only on the ground that it was obtained in violation of the right to counsel. See Custis v. United States, 511 U.S. 485, 496 (1994). Dawkins notes that the presentence report is not conclusive regarding the presence or absence of counsel. In the case of misdemeanor convictions that did not result in imprisonment, like those at issue here, the conviction may be counted notwithstanding the absence of counsel. See Nichols v. United States, 511 U.S. 738, 748 (1994). The dis-

2

trict court did not commit plain error in using the two convictions to calculate Dawkins' criminal history.

The next assignment of error is equally unavailing. Despite the fact the record reflects that Dawkins gave the arresting officer permission to search the van at the conclusion of the traffic stop, Dawkins contends that the seizure of the drugs from the van violated his Fourth Amendment rights. Dawkins has waived any challenge to the seizure of evidence from his van because he failed to move to suppress that evidence prior to trial. See United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995); Fed. R. Crim. P. 12(f). This claim does not give us grounds for disturbing the conviction.

Finally, following a federal conviction, an ineffective assistance of counsel claim should ordinarily be raised by a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), in the district court and not on direct appeal to this court. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); see also United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). This general rule is true unless it "conclusively appears" in the trial record that counsel did not provide effective assistance. Fisher, 477 F.2d at 302. In this case, it does not "conclusively appear" from the record on appeal that Dawkins was denied the effective assistance of counsel at any stage. Consequently, this claim is more properly advanced in a § 2255 motion.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We deny Dawkins' motion to appoint alternate counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3