**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 96-4324

CHARLES ALLEN GARY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-96-3)

Submitted: February 10, 1998

Decided: March 31, 1998

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack W. Stewart, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Deborah A. Ausburn, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Allen Gary appeals his conviction by a jury for his role in a conspiracy to possess with intent to distribute crack cocaine. See 21 U.S.C. § 846 (1994). On several occasions, Gary rented vehicles in his own name to loan to Horacio Morrilo-Perez. Morrilo-Perez used the vehicles to transport crack cocaine from New York to North Carolina. As the guilty verdict demonstrated, the jury credited Morrilo-Perez's testimony that Gary was aware of the purpose of the trips to New York. In this appeal, Gary contends that his trial counsel was constitutionally deficient, that his conviction was not supported by sufficient evidence, and that the prosecutor impermissibly commented on his decision not to testify on his own behalf. Because we find no merit to these contentions, we affirm.

Gary suggests that his trial counsel was ineffective for several reasons, emphasizing especially that counsel did not present any evidence on Gary's behalf. Following a federal conviction, a claim of ineffective assistance of counsel should ordinarily be raised by a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), in the district court and not on appeal to this court. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); see also United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). This general rule is true unless it "conclusively appears" in the trial record that counsel did not provide effective assistance. Fisher, 477 F.2d at 302. In this case, there is no such obvious failure on the part of trial counsel. Consequently, this claim is more properly advanced in a § 2255 motion.

Gary also contends that his conviction was not supported by sufficient evidence. "To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n

2

appellate court's reversal of a conviction on grounds of insufficient evidence should be `confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). During this inquiry, this court neither weighs evidence nor reviews witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

To support the conviction under § 846, the Government was required to prove that there was an agreement between two or more persons to violate the federal drug laws, that the defendant knew of it, and that he voluntarily joined it. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (in banc), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Here, the existence of the agreement to violate drug laws is clear. In his testimony, Morrilo-Perez described his arrangement to travel from North Carolina to New York and back in order to transport packages of crack cocaine to Anthony Carson and someone named Kevin. To show that Gary was aware of and joined the agreement, Morrilo-Perez testified that Gary on four occasions rented vehicles for Morrillo-Perez to use on his excursions to New York. In return for renting the vehicles, Gary received either crack cocaine or money. According to Morrilo-Perez's testimony, Gary sometimes sold the drugs he received in payment for renting the vehicle. Further, the arresting officer testified that Gary told him he rented cars for Morrilo-Perez and was aware that Morrilo-Perez was transporting crack cocaine. There is no suggestion in the record that Gary's actions were anything other than voluntary. Without reweighing Morrilo-Perez's credibility, as Gary urges us to do, see Saunders, 886 F.2d at 60, we cannot find that there has been a clear failure of evidence on the part of the Government. The jury could, and in fact did, find that Gary was aware of the agreement to violate the federal drug laws and joined voluntarily. There is no merit to Gary's contention that his conviction is not supported by sufficient evidence.

We decline to review Gary's final claim. Gary contends that in closing arguments, the prosecutor impermissibly suggested to the jury that Gary's election not to testify on his own behalf implied Gary's guilt. See 18 U.S.C. § 3481 (1994); Griffin v. California, 380 U.S. 609, 611-12 (1965). The trial transcript does not reflect any comments of that nature. In fact, Gary's appellate brief concedes that the com-

3

ments are not a part of the record on appeal. <u>See</u> Fed. R. App. P. 10(a). Gary may not raise a claim on direct appeal premised on alleged prosecutorial error, the evidence of which is not a part of the record. <u>See United States v. Russell</u>, 971 F.2d 1098, 1112 (4th Cir. 1992).

Finding no merit to any of Gary's contentions, we affirm the conviction. Although we have received and reviewed Gary's pro se supplemental brief and pro se supplemental reply brief, we deny leave to file the briefs because they are largely redundant of the same meritless issues advanced by counsel, albeit advanced in greater detail. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4