**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4491

RONALD TODMAN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-96-197)

Submitted: April 30, 1998

Decided: July 30, 1998

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Todman, Jr., appeals his conviction and sentence for possession of cocaine base in the form of crack cocaine. See 21 U.S.C. § 841(a)(1) (1994). The conviction resulted from the discovery of more than 600 grams of crack cocaine packaged in twenty-three plastic bags as a result of a consensual search of Todman's hotel room. Todman noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, counsel presented this court with two nascent issues. Todman filed a pro se supplemental brief, embellishing on counsel's arguments and raising two additional assignments of error. Because we find each of the claims raised by counsel and Todman to be without merit and can discern no other error in the record on appeal, we affirm Todman's conviction and sentence.

Todman's counsel first contends that the district court erred in refusing to allow Todman to withdraw his plea. The withdrawal of a guilty plea is not a matter of right. See United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). The defendant bears the burden of showing a "fair and just" reason for the withdrawal even in the absence of a showing of prejudice by the Government. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). This general rule is true even when the defendant seeks to withdraw the plea before the district court formally accepts the plea agreement. See United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667). We review the district court's denial of the motion to withdraw the plea for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In order to abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or fac-

2

tual premise in the exercise of its discretionary authority. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In this case, there is no evidence of an abuse of discretion. The district court did not rely on an erroneous legal or factual premise to exercise its discretion in denying the motion. The court carefully considered Todman's statements in support of his motion to withdraw his plea in light of his statements at his Fed. R. Crim. P. 11 hearing. The court found that Todman's later contentions notwithstanding, Todman's plea of guilty was knowing and voluntary. See Moore, 931 F.2d at 248.

In his pro se supplemental brief, Todman suggests that his guilty plea could not have been voluntary, that the district court should not have accepted it at the plea hearing, and as a result, the court erred in declining to allow him to withdraw it. Elaborating on these claims, he contends that he was not fully aware of the nature of the charges against him and the application of the law to the facts in his case. As the district court decided, the claim is refuted by his statements under oath at the plea hearing. "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea `constitute a formidable barrier' to attacking the plea." United States v. Lambey, 974 F.2d 1389, 1395 (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). Todman has failed, both in his attempt to withdraw his plea and here on appeal, to overcome the "formidable barrier" his sworn statements regarding the knowing and voluntary nature of his plea present. The district court did not abuse its discretion in declining to allow Todman to withdraw his plea.

Counsel next argues that the district court erred in refusing to allow Todman a downward adjustment for the acceptance of responsibility. See U.S. Sentencing Guidelines § 3E1.1 (Nov. 1, 1996). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. See United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). Whether the reduction is warranted "is primarily a factual question,[and] due deference for the sentencing court requires an appellate court to accept its findings unless they are clearly erroneous." United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990). In support of his motion to withdraw his plea, Todman stated numerous times that he was not guilty of the offense. Because Todman did not "clearly recognize[ ] and affirmatively

3

accept[ ]" his criminal conduct, see United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995), we are not left with the "definite and firm conviction" that the district court made a mistake in denying the adjustment. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

Todman's assertion that his continued declaration of his innocence was in good faith does not alter the fact that he did not accept responsibility for the criminal conduct with which he was charged. In addition, his contention that the district court was unaware of its legal authority to grant the downward adjustment is completely refuted by the record and the district court's careful deliberations on the issue. There is no clear error in the district court's conclusion regarding the propriety of the downward adjustment.

Turning to the additional assignments of error Todman raises in his pro se supplemental brief, we find that they are equally without merit. Todman first suggests that the district court failed to comply with Fed. R. Crim. P. 11 in accepting his guilty plea. Todman specifically complains that he did not understand the nature of the charges against him and the district court failed to sufficiently apprise him of that information.

In explaining the nature of the charges to the defendant, the trial court is given a wide degree of discretion in deciding the best method to inform and ensure the defendant's understanding. See United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, see Henderson v. Morgan, 426 U.S. 637, 644 (1976), the defendant "need not receive this information at the plea hearing itself. Rather, a guilty plea may be knowingly and intelligently made on the basis of detailed information received on occasions before the plea hearing." LoConte v. Dugger, 847 F.2d 745, 751 (11th Cir. 1988). The district court's detailed explanation of the Government's case in this straightforward possession with intent to distribute prosecution, in addition to the record as a whole, show that the district court did not err in accepting Todman's plea at the conclusion of the Rule 11 hearing.

Todman also urges this court to find that the district court failed to comply with Rule 11(f) in that there was no factual basis for his intent

4

to distribute the crack cocaine. However, Todman's claim of factual innocence of the distribution element of his charge ignores the legal reality that the sheer quantity of drugs, in this case, nearly 620 grams of crack, is persuasive evidence of Todman's intent to distribute the cocaine. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990); see also United States v. Roberts, 881 F.2d 95, 99 (4th Cir. 1989). Todman's additional complaint that the district court failed to read the stipulation of facts into the record is hypertechnical and disingenuous, especially in light of the fact that Todman read and signed the stipulation personally. As a result, there was no violation of Fed. R. Crim. P. 11(f).

Finally, Todman contends that the assistance rendered by his court-appointed counsel was constitutionally insufficient. He suggests that counsel ill-prepared him for his plea hearing in that counsel misadvised him about the application of the U.S. Sentencing Guidelines Manual and failed to explain to him the entire nature of the pending charges. Todman also claims that the district court violated his right to counsel because he was forced to prosecute his motion for withdrawal of his guilty plea without the assistance of counsel. Todman notes that counsel allowed Todman to explain to the district court the basis for the motion. However, because Todman couches his entire argument on this point in terms of counsel's ineffectiveness and because there was no action on the part of the district court to prevent counsel from arguing the motion, this assignment of error is better construed as an additional ineffective assistance of counsel claim.

The court declines to consider the merits of either contention. Following a federal conviction, an ineffective assistance of counsel claim should ordinarily be raised by a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), in the district court and not on direct appeal to this court. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); see also DeFusco, 949 F.2d at 120-21. This general rule is true unless it "conclusively appears" in the trial record that counsel did not provide effective assistance. See Fisher, 477 F.2d at 302. In this case, it does not "conclusively appear" from the record on appeal that Todman was denied the effective assistance of counsel at any stage. Consequently, these claims of ineffective assistance are more properly advanced in a § 2255 motion.

5

As required by <u>Anders</u>, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. Accordingly, counsel's motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>