**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4497

DARRYL LEE TAYLOR, a/k/a Opie,
a/k/a "O",
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-986)

Submitted: February 16, 1999

Decided: March 22, 1999

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. Robert Hayden Bickerton, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darryl Lee Taylor appeals from his conviction, pursuant to a guilty plea, of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Taylor's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Taylor's appeal does not present any meritorious issues. Counsel asserts that the district court substantially complied with Fed. R. Crim. P. 11 in taking Taylor's guilty plea and properly determined his sentence under the Sentencing Guidelines. Taylor has filed a pro se supplemental brief contending that he was denied effective assistance of counsel. Finding no reversible error, we affirm.

The court properly determined that Taylor was competent to enter a plea and that he understood the charges against him. He was informed of the maximum and minimum sentences and the possible fine. Taylor stated that he understood the court was obligated to consider the applicable Sentencing Guidelines. The court also reviewed the plea agreement with Taylor. In that agreement, Taylor agreed that 1.5 kilograms of crack cocaine would be attributed to him for sentencing purposes. He also agreed that a four-level upward enhancement to the offense level was warranted because of his role in the offense as an organizer or leader. Taylor stated at the plea hearing that he was not promised anything other than what was in the agreement. He was informed of the rights he was waiving by entering a guilty plea. After hearing from the Government, the court found a sound factual basis for accepting the guilty plea.

Counsel states that the court substantially complied with Rule 11, but misinformed Taylor of the minimum term of supervised release,*

_____

*The court misinformed Taylor of the term of supervised release by stating that he faced a minimum 16 year term of supervised release. See

2

failed to inform Taylor of the possibility of restitution, and failed to warn Taylor that he faced possible perjury charges if he gave false testimony under oath during the Rule 11 proceeding. Any deficiencies in the Rule 11 proceeding were harmless. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). Because Taylor received a shorter term of supervised release than the minimum he was advised by the court that he could receive, the court's failure to inform Taylor of the correct minimum term of supervised release was harmless error. The court's failure to inform Taylor of the possibility of restitution was harmless because he was not ordered to pay restitution. Finally, the court's failure to inform Taylor of the possibility of a perjury charge if he answered any questions falsely under oath was also harmless because there is "no current or prospective prosecution of [defendant] for perjury." United States v. Graves, 98 F.3d 258, 259 (7th Cir. 1996).

The presentence investigation report ("PSI") recommended a base-offense level of 38 on the basis of 1.5 kilograms of crack cocaine. See USSG § 2D1.1(c). It also recommended a four-level upward enhancement for Taylor's role in the offense. See USSG § 3B1.1(a). Based on Taylor's prior convictions, he was placed in criminal history category VI. The PSI did not recommend a reduction in the offense level for acceptance of responsibility. See USSG § 3E1.1.

At sentencing, the district court granted Taylor's motion for a three-level reduction in the offense level due to his acceptance of responsibility. There were no other objections to the PSI. As a result, Taylor's sentencing range was 360 months to life imprisonment. The Government moved for a downward departure pursuant to USSG § 5K1.1, which the court granted. The court sentenced Taylor to 240

---

Sentencing Tr. at 19-20. Section 841(b)(1)(A) requires a ten-year term of supervised release for the conspiracy conviction and§ 841(b)(1)(C) requires a six year term of supervised release for the distribution conviction. Generally, supervised release terms imposed for separate convictions run concurrently. See 18 U.S.C.A.§ 3624(e) (West Supp. 1998); U.S. Sentencing Guidelines Manual § 5G1.2 (1995); United States v. Myers, 104 F.3d 76, 81 (5th Cir. 1997), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3754 (U.S. May 12, 1997) (No. 96-8403).

months' imprisonment and supervised release terms of 10 years as to the conspiracy conviction and six years as to the distribution conviction to run concurrently. We find the sentence was not imposed in violation of law and was not the result of an incorrect application of the Sentencing Guidelines.

Regarding Taylor's claim raised in his pro se supplemental brief, ineffective assistance of counsel claims are not appropriate on direct appeal. These claims should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), unless it conclusively appears from the record that counsel did not provide effective assistance. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). A review of the record in this case does not reveal any conclusive evidence that Taylor's trial counsel was ineffective. Therefore, we find that it is more appropriate for Taylor to bring this claim in a § 2255 motion.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Taylor's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4