**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4365

DESMOND WARD, a/k/a David A.
King,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-29-MU)

Submitted: March 23, 1999

Decided: April 6, 1999

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Morris, LAW OFFICES OF PAUL MORRIS, P.A., Coral
Gables, Florida, for Appellant. Mark T. Calloway, United States
Attorney, Frank D. Whitney, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Desmond Ward appeals his convictions for one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and using a communication facility to facilitate the crime, in violation of 21 U.S.C. § 843(b) (1994). On appeal, Ward argues that insufficient evidence existed to support his convictions and that the trial court issued an erroneous supplemental jury instruction. Finding no error, we affirm.

The evidence at trial showed that on January 26, 1997, Ward shipped two separate packages of crack cocaine from the Miami area via Federal Express to Charlotte, North Carolina. One package was picked up by a contract courier service (AGS Courier Network) from Ward at his residence. Ward used the alias of "David King" as the sender of the package. Ward personally delivered the second package later in the day to a Federal Express office in North Miami, approximately ten miles away from his home. Ward used the alias "Dale Riche" as the sender of the second package.

Ward alleges that there was insufficient evidence of an agreement to conspire to support his conviction because there was no evidence that he engaged in an agreement to possess with the intent to distribute drugs. This court must uphold a jury verdict if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States , 315 U.S. 60, 80 (1942); United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). The government enjoys the benefit of all reasonable inferences from the facts proved to facts sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To establish a defendant's participation in an illegal drug conspiracy, the government must show an agreement between two or more

2

persons to undertake conduct that would violate the laws of the United States relating to controlled substances and the defendant's willful joinder in that agreement. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). The government may use circumstantial evidence to demonstrate a defendant's participation in a conspiracy and his knowledge of the conspiracy's objectives. See Glasser, 315 U.S. at 80; Burgos, 94 F.3d at 857-58.

Ward addressed the "David King" package to Terry Crawford, 113 Walnut Avenue in Charlotte, North Carolina. Ward addressed the "Dale Riche" package to Elliott Johnson at the same Charlotte address. At trial, the Government introduced evidence connecting Ward to drug traffickers in Charlotte. On the day that Ward shipped the two packages, there were two phone calls between Ward's residence and the cellular phone of Michelle Darby in Charlotte. Darby testified that the phone was used exclusively by Roscoe McCaskill, the father of her son. McCaskill asked her to subscribe to the service and told her that he would reimburse her for it. The DEA caught Terry Lee Crawford in a controlled delivery of one of the packages. Crawford entered a guilty plea and cooperated with law enforcement regarding the conspiracy. At trial, Crawford testified that McCaskill was a long term acquaintance of his who provided him with rock cocaine for his personal use. McCaskill agreed to pay Crawford $500 to receive a Federal Express package in the name of "Elliott Johnson." Crawford testified that while McCaskill never told him that drugs would be in the package, he knew that the contents were illegal and that the contents were likely drugs, although he was unaware of the amount.

Crawford also testified that he knew one of McCaskill's associates, Christopher Keith Simmons. Crawford knew Simmons only as Keith from Miami. According to United States Probation Office and hotel business records, Keith Simmons was staying at the Southpark Suites Hotel in Charlotte on January 22-24, a few days before the Federal Express shipments. When an unidentified person arranged for the same day Federal Express service pickup of the "David King" package, the phone contact in Charlotte that was given was the phone number for Simmons' hotel room, and not the phone number for 113 Walnut Avenue, the address on the package. We find that this evidence is sufficient to find an agreement to conspire.

Ward next alleges that the Government did not prove he knew that either of the two boxes contained cocaine. The Government produced the shipping documents and used expert handwriting analysis and the testimony of both persons receiving the Federal Express packages prior to shipment. The handwriting expert testified that Ward prepared the set of shipping documents for the same day "David King" package. The courier testified that Ward signed a document stating that the contents were visually inspected and matched the shipping documents. The Federal Express employee testified that Ward prepared the shipping label for the "Dale Riche" package in her presence.

Ward's deceit surrounding the shipping of both packages such as the use of aliases for both packages, using the address of elderly neighbors as the shipper's address on one of the packages, and shipping two packages to the same address on the same day is strong circumstantial evidence that he had knowledge of the content of the packages. Also, the phone record linking calls from Ward's residence to the cellular phone of a drug trafficker on the day the packages were mailed, and using the phone number of a hotel where another drug dealer was staying for the phone number at the receiving address is circumstantial evidence that Ward knew that the packages contained cocaine. We therefore find that sufficient evidence existed to sustain the convictions.

Ward also attempts to argue that even if the evidence is sufficient to sustain the convictions, the weight of the evidence dictates that the case be remanded for a new trial. See Tibbs v. Florida, 457 U.S. 31 (1982). Ward argues that he preserved the issues he raises as to the weight of the evidence by unsuccessfully moving for a new trial on the same grounds. However, he frames these arguments as a challenge to the sufficiency of the evidence and does not assign error to the denial of the motion for a new trial.

Ward raises other pure sufficiency arguments particularly relating to his knowledge that the packages contained cocaine. Ward also alleges that the Federal Express clerk's identification of Ward was suspect, the prosecutor improperly vouched for a witness, and his counsel did not effectively represent him. Ward's trial counsel did not object to the identification or the alleged vouching for a witness. Ward's use of these issues framed as weight of the evidence issues

4

is an attempt to raise ineffective assistance of counsel issues. We decline to review the ineffective assistance of counsel issues Ward raises on direct appeal because it does not appear conclusively from the record that counsel did not provide effective assistance. See United States v. Fischer, 477 F.2d 300, 302 (4th Cir. 1973).

The remaining issues raised by Ward regarding the weight of the evidence involve credibility choices of the jury. See Tibbs, 457 U.S. at 37-38 (holding that reversal based upon weight of the evidence is a credibility determination). We do not weigh the evidence or review the credibility of witnesses when reviewing the sufficiency of the evidence. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We therefore decline to remand for a new trial.

Finally, Ward assigns error to the district court's response to a jury question. In examining a district court's response to a request for clarification from the jury, the issue is whether the court responded to the jury's inquiry "fairly and accurately without creating prejudice." United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995) (citing United States v. United Med. & Surgical Supply Corp. , 989 F.2d 1390, 1407 (4th Cir. 1993)). The decision to give a supplemental instruction and the specific words chosen are left to the discretion of the district court. See id. (citing United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990)). Applying these standards, we consider the supplemental instruction given by the district court.

During jury deliberations, the jury sent questions regarding the Government's exhibit 3, the "Network Courier Services Shipper's Security Notification." The jury asked whether the Defendant's signature constituted an admission of guilty knowledge of the contents of the same day delivery box. The defense suggested two alternative responses: that the jurors rely upon their recollection, or a reading of the entire testimony of the courier handling the package pick up. The Government agreed and discouraged the reading of only a selection of the courier's testimony. The district court instructed the jury that it is a fact determination for the jury, and that in making the determination, they must examine all of the evidence. The district court went on to state, "I'm going to relate what my recollection of the evidence was. You are to take your recollection, not mine, if yours (sic) differs from mine, you take yours (sic) . . . ." (J.A. 452). The district court

5

related that its recollection of the courier's testimony was that the courier arrived at Ward's residence, handed him the paperwork to fill out, waited for Ward to complete it, did not require the production of a driver's license, and left with the paperwork and package.

We find that the district court did not abuse its discretion in issuing the supplemental instruction. The district court responded to the jury's inquiry "fairly and accurately without creating prejudice." See Smith, 62 F.3d at 646. Ward argues that he was prejudiced by the instruction because the court "unduly emphasized that portion of the courier's testimony most supportive of the government's argument while omitting the courier's testimony that supported the defense." We disagree. The district court gave an even-handed and accurate recollection of the courier's testimony. In addition, the court instructed the jurors to rely upon their own recollection, even if it differed from that of the court.

We therefore affirm the criminal judgment. We deny Ward's renewed motion for remand to the trial court for a hearing on his ineffective assistance of counsel issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6