**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 97-4928

LARRY JENKINS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-96-358)

Submitted: April 29, 1999

Decided: May 7, 1999

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William N. Nettles, Columbia, South Carolina, for Appellant. Scarlett
Anne Wilson, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Jenkins was charged in a superseding indictment with conspiracy to distribute and to possess with intent to distribute controlled substances. In the midst of trial, Jenkins entered a guilty plea and was sentenced to a term of seventy-one months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Jenkins has filed a pro se supplemental brief raising several additional issues--to which the government has responded--and a number of replies to the government's response. After a thorough review of the record and the materials submitted on appeal, we affirm the conviction and the sentence. We grant Jenkins' motions to file a pro se formal brief, to add an exhibit to his pro se "Supplemental Respond Brief," and to add an exhibit to his initial pro se brief. We grant the government's motion to file a transcript of the change of plea hearing.

Counsel presents as a potentially meritorious issue the adequacy of the district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure in accepting Jenkins' guilty plea. Our review of the Rule 11 hearing transcript reveals that the district court fully complied with the Rule. In his pro se brief, Jenkins contends that his attorney's representation was ineffective in counseling a guilty plea, that his attorney altered the plea agreement negotiated by prior counsel without his knowledge, that the indictment was defective, that the district court failed to ensure that he understood the charge before accepting his guilty plea, and that the factual basis for the guilty plea was inadequate. Claims of ineffective assistance should be raised by a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), unless it "conclusively appears" from the record that counsel did not provide effective assistance. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); see also United States v. Smith, 62 F.3d 641, 650 (4th Cir. 1995). In this case, it does not conclusively appear from the record on appeal that Jenkins received ineffective assistance of counsel. Consequently, this claim is more properly raised in a § 2255 motion.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3