**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4307
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARD ANTHONY BRICKHOUSE, a/k/a Mitch Sosa,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00026-GMG-RWT-9)

_____

Submitted:  April 1, 2024                                    Decided:  June 21, 2024

_____

Before QUATTLEBAUM and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Bernard Anthony Brickhouse pled guilty to conspiracy to possess with intent to distribute and to distribute Eutylone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court sentenced Brickhouse to 87 months' imprisonment and three years' supervised release. Counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising for the court's consideration whether there was ineffective assistance of counsel or prosecutorial misconduct warranting setting aside the judgment, and whether the sentence was procedurally and substantively reasonable. Brickhouse was afforded the opportunity to file a pro se supplemental brief, but did not do so. The government did not file a brief. Finding no reversible error, we affirm.

We review de novo an ineffective assistance of counsel claim made on direct appeal but "will reverse only if it '*conclusively appears in the trial record itself* that the defendant was not provided . . . effective representation.'" *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (quoting *United States v. Fisher*, 477 F.2d 300, 302 (4th Cir. 1973)). Because such claims generally are not cognizable on direct appeal, they should normally be raised in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023). To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, "the defendant must show that counsel's representation fell below

2

an objective standard of reasonableness," *id.* at 688, and overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id*. at 689. To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. We have reviewed the record and conclude that it does not conclusively appear that counsel was ineffective.

To establish prosecutorial misconduct, a defendant bears the burden of showing that "'(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights so as to deprive him of a fair [sentencing proceeding].'" *United States v. Benson*, 957 F.3d 218, 234 (4th Cir 2020) (quoting *United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010)). We review for plain error if the claim was not raised in the district court. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). "In reviewing for plain error, we must affirm unless an appellant can show that (1) an error was made, (2) it was plain, and (3) it affected the appellant's substantial rights." *Id*. We conclude that there is no evidence that the prosecutor breached the plea agreement. Brickhouse's Guidelines base offense level was consistent with the plea agreement. And the Government requested a within-Guidelines range sentence, as the Government agreed to do in the plea agreement.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first determine that the district court committed "no significant procedural error." *Id*. at 51. In doing so, we

3

consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id*.   If the sentence is procedurally reasonable, we will review the substantive reasonableness of the sentence.  *Id*.  A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing.  18 U.S.C. § 3553(a).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  That presumption can be rebutted only by showing that the sentence is unreasonable when measured against the § 3553(a) factors.  *Id*.

The district court properly calculated the advisory Sentencing Guidelines range, heard argument from counsel, provided Brickhouse an opportunity to speak, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence.  There is no indication in the record that Brickhouse's within-Guidelines term of imprisonment is unreasonable.  Accordingly, we conclude that Brickhouse's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Brickhouse, in writing, of the right to petition the Supreme Court of the United States for further review.  If Brickhouse requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must

4

state that a copy thereof was served on Brickhouse.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*